UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TONY EUGENE SAFFOLD,<br><br>Petitioner,<br><br>v.<br><br>RICK HILL, Warden,<br><br>Respondent. | No. 2:13-cv-00833 JAM DAD P<br><br><br><br>ORDER and<br><br>FINDINGS AND RECOMMENDATIONS |

Petitioner, a state prisoner proceeding pro se, has filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, together with an application to proceed in forma pauperis.

Examination of the in forma pauperis application reveals that petitioner is unable to afford the costs of suit. Accordingly, the court will grant petitioner's application to proceed in forma pauperis. See 28 U.S.C. § 1915(a).

For the reasons discussed herein, the undersigned recommends dismissal of the instant petition without prejudice to petitioner pursuing his Ex Post Facto claims as a member of the plaintiff class in Gilman v. Fisher, Case No. 2:05-0830 LKK CKD P (E.D. Cal.).

**PRELIMINARY SCREENING**

Rule 4 of the Rules Governing Section 2254 Cases allows a district court to dismiss a petition if it "plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court . . . ." Rule 4, Rules Governing Section 2254

Cases. See also O'Bremski v. Maass, 915 F.2d 418, 420 (9th Cir. 1990); Gutierrez v. Griggs, 695 F.2d 1195, 1198 (9th Cir. 1983). The Advisory Committee Notes to Rule 8 indicate that the court may dismiss a petition for writ of habeas corpus at several stages of a case, including "summary dismissal under Rule 4; a dismissal pursuant to a motion by the respondent; a dismissal after the answer and petition are considered; or a dismissal after consideration of the pleadings and an expanded record."

## BACKGROUND

Petitioner is serving a state prison term of twenty-five years to life, with the possibility of parole, plus five years, based on convictions rendered April 3, 1990. (Pet. at 1.) Petitioner challenges the April 25, 2012 decision of the California Board of Parole Hearings (Board) denying him parole. Petitioner makes the following claims:

> (1) "The Board violated petitioner's due process right by finding him unsuitable for parole where there is no nexus between his 'insight as to any character defects that you [he] may have as the 12 Steps talks about' and the conclusion that he presents an unreasonable risk to public safety if released."
>
> (2) "The court should grant review to address the Board's arbitrary five-year deferral period for petitioner's next parole hearing."
>
> (3) Petitioner's due process rights were violated when the [Board] held his parole hearing under Proposition 9, which also violated the 'Ex Post Facto principles' of the state and federal constitutions."

(Pet. at 4-5; Pet'r's Mem. of P. & A.)

## ANALYSIS

**I. Due Process**

A protected liberty interest may arise under the Due Process Clause of the United States Constitution either "by reason of guarantees implicit in the word 'liberty,'" or from "an expectation or interest created by state laws or policies." Wilkinson v. Austin, 545 U.S. 209, 221 (2005) (citations omitted). "[A] state's statutory scheme, if it uses mandatory language, 'creates a presumption that parole release will be granted' when or unless certain designated findings are made, and thereby gives rise to a constitutional liberty interest." McQuillion v. Duncan, 306 F.3d 895, 901 (9th Cir. 2002) (quoting Greenholtz v. Inmates of Nebraska Penal, 442 U.S. 1, 12

1  (1979)); see also Board of Pardons v. Allen, 482 U.S. 369, 376-78 (1987) (state's use of
2  mandatory language ("shall") creates a presumption that parole release will be granted when the
3  designated findings are made).
4      It is well established that California's parole statutes give rise to a liberty interest
5  protected by the federal Due Process Clause. Swarthout v. Cooke, 562 U.S. 216, ___,131 S. Ct.
6  859, 861-62 (2011). In California, a prisoner is entitled to release on parole unless there is "some
7  evidence" of his or her current dangerousness. In re Lawrence, 44 Cal. 4th 1181, 1205-06, 1210
8  (2008); In re Rosenkrantz, 29 Cal. 4th 616, 651-53 (2009). However, in Cooke, the Supreme
9  Court held that "[n]o opinion of [theirs] supports converting California's 'some evidence' rule
10 into a substantive federal requirement." Cooke, 131 S. Ct. at 862. The Court specifically rejected
11 the notion that there can be a valid claim under the Fourteenth Amendment for insufficiency of
12 evidence presented, or relied upon, at a parole proceeding. Id. at 862-63. Rather, the protection
13 afforded by the federal Due Process Clause to California parole decisions consists solely of the
14 "minimum" procedural requirements set forth in Greenholtz, specifically, "an opportunity to be
15 heard and . . . a statement of the reasons why parole was denied." Id. at 862. "[T]he beginning
16 and the end of the federal habeas courts' inquiry" is whether petitioner received "the minimum
17 procedures adequate for due-process protection." Id.[1]
18     In the instant case, petitioner alleges a denial of due process on the ground that
19 insufficient evidence supports the Board's finding that his release would present an unreasonable

---

[1] The limited inquiry permitted by federal habeas courts to satisfy procedural due process in the parole context has subsequently been consistently reiterated by the Ninth Circuit Court of Appeals. See Styre v. Adams, 645 F.3d 1106, 1108 (9th Cir. 2011) (under Cooke, "'the responsibility for assuring that the constitutionally adequate procedures governing California's parole system are properly applied rests with California courts, and is no part of the Ninth Circuit's business'") (quoting Cooke, 131 S. Ct. at 863); Miller v. Oregon Bd. of Parole and Post-Prison Supervision, 642 F.3d 711, 716 (9th Cir. 2011) ("The Supreme Court held in Cooke that in the context of parole eligibility decisions the due process right is *procedural*, and entitles a prisoner to nothing more than a fair hearing and a statement of reasons for a parole board's decision[.]") (Original emphasis.); Roberts v. Hartley, 640 F.3d 1042, 1046 (9th Cir. 2011) (under Cooke, "there is no substantive due process right created by California's parole scheme"); Pearson v. Muntz, 639 F.3d 1185, 1191 (9th Cir. 2011) ("Cooke makes clear that we cannot consider whether 'some evidence' of dangerousness supported a denial of parole on a petition filed under 28 U.S.C. § 2254.").

3

risk to public safety. Petitioner contends that the Board failed to consider the insight petitioner gained through participation in a Twelve Step program. Petitioner also contends that the Board inproperly relied on the special circumstance allegations with which petitioner was charged, but which were found untrue by the jury. Petitioner asserts that the Board is "mandated" to provide him with a fair and unbiased hearing.

Petitioner's challenge to the factors and sufficiency of the evidence underlying the Board's decision – including his assertion that he has "fulfilled all the requirements that the California parole statues require of him," as set forth California Penal Code section 3041 and California Code of Regulations, title 15, section 2402 (Pet'r's Mem. of P. & A. (ECF No. 1 at 23, 20-55)) – is not cognizable. Under the Supreme Court's decision in Cooke, this court may not review whether California's "some evidence" standard was correctly applied in petitioner's case. Cooke, 131 S. Ct. at 862-63. Moreover, it is clear from the record that petitioner was accorded all procedures to which he was entitled: petitioner was present at his April 25, 2012 parole hearing; he was afforded access to his central file in advance, and submitted additional documents at the hearing; he actively participated at the hearing, where he was represented by counsel; and he was provided with the reasons for the Board's decision. (Pet. Ex. A.) The Due Process Clause requires no more.

## II. Ex Post Facto

Petitioner also challenges the Board's reliance on Proposition 9 to defer for a period of five years petitioner's next parole hearing. Proposition 9, adopted by the voters as the "Victims' Bill of Rights Act of 2008: Marsy's Law," authorizes longer intervals between parole suitability hearings.[2] Petitioner contends that the Board's decision was arbitrary. He emphasizes that the

---

[2] Prior to enactment of Proposition 9, indeterminately-sentenced inmates, like petitioner, were denied parole for one year unless the Board found, with stated reasons, that it was unreasonable to expect that parole could be granted the following year, in which case the subsequent hearing could be extended for a period up to five years. Former Cal. Penal Code § 3041.5(b)(2) (2008). As amended, the statute now authorizes denial of a subsequent parole hearing for a period up to fifteen years. Cal. Pen. Code, § 3041.5(b)(3). The shortest interval the Board may routinely set is three years. Id., § 3041.5(b)(3)(C). The Board retains discretion to advance a parole hearing at any time due to a change in circumstances or new information. Id., § 3041.5(b)(3)(C)(4).

interval between his initial parole hearing in 2006 and his first subsequent parole hearing in 2009 was only three years. As framed by petitioner:

> [T]he Board was obliged to set forth reasons for choosing a five-year postponement or deferral for Petitioner's next parole hearing rather than a three-year. This is particularly so where the Board in its previous decisions denied Petitioner for three years, and in this latest denial he has several more years of disciplinary-free behavior, another vocation, and another positive psych report. The Board's decision was clearly arbitrary and capricious.

(Pet'r's Mem. of P. & A. (ECF No. 1 at 23).)[3]

Petitioner also contends that application of Proposition 9 to his parole determination violated the doctrine of Separation of Powers by the "greatly expanded inclusion of victim input" (ECF No. 1 at 67-8), and violated his rights to due process under the Fourteenth Amendment and his right to confront witnesses under the Sixth Amendment. (Pet. at 4, Mem. of P. & A.). Finally, petitioner asserts that the Board's reliance on Proposition 9 to postpone for a period of five years his next parole hearing violates the Ex Post Facto Clause of the United States Constitution. (Pet. at 5, Mem. of P. & A.).

Petitioner's claims are subsumed by the Ex Post Facto claims of the plaintiff class in Gilman v. Fisher, Case No. 2:05-cv-0830 LKK CKD P (E.D. Cal.), of which petitioner is a member. The Gilman plaintiff class is comprised of "all California State prisoners who have been sentenced to a life term with possibility of parole for an offense that occurred before November 4, 2008." See id., Order filed Feb. 28, 2014 (ECF No. 532 at 1-2) (citation and internal quotation marks omitted). Like the other plaintiffs in Gilman, petitioner alleges herein that retroactive application of Proposition 9 creates a significant risk that he will receive a longer period of incarceration than he would have under the law as it existed when he was sentenced. On February 28, 2014, United States District Judge Lawrence K. Karlton issued an order granting

---

[3] In reaching the challenged decision, the Board stated:

> We find that there is clear and convincing evidence, pursuant to Penal Code Section 3041(b)(3), and after considering the victims and the public safety, as well as the criteria set forth in Title 15, a period of five years is what you're going to get.

(ECF No. 1 at 66 (citing Ex. 1 at 219).)

5

1  the Gilman class declaratory and injunctive relief, including entitlement to annual parole hearings
2  unless the Board expressly finds that a longer deferral period is warranted.  See id. (ECF No. 532
3  at 57-58).  At present, this relief is stayed and these matters are pending on cross-appeals before
4  the Ninth Circuit Court of Appeals.  (Court of Appeals Case Nos. 14-15680 and 14-15613 (9th
5  Cir.).)

6  Significantly, members of the Gilman class "may not maintain a separate, individual suit
7  for equitable relief involving the same subject matter of the class action."[4]  Id., Order filed
8  Dec.10, 2010 (ECF No. 296 at 2).  Therefore, the court will dismiss petitioner's instant Ex Post
9  Facto claim without prejudice to petitioner obtaining any relief that becomes available to him as a
10 member of the plaintiff class in Gilman v. Fisher, 2:05-cv-0830 LKK CKD P (E.D. Cal.).  See
11 Crawford v. Bell, 599 F.2d 890, 892 (9th Cir. 1979) ("A court may choose not to exercise its
12 jurisdiction when another court having jurisdiction over the same matter has entertained it and
13 can achieve the same result."); see also McNeil v. Guthrie, 945 F.2d 1163, 1165 (10th Cir. 1991)
14 ("Individual suits for injunctive and equitable relief from alleged unconstitutional prison
15 conditions cannot be brought where there is an existing class action."); Gillespie v. Crawford, 858
16 F.2d 1101, 1103 (5th Cir.1988) ("To allow individual suits would interfere with the orderly
17 administration of the class action and risk inconsistent adjudications."); Brodheim v. Duffy, Case
18 No. 2:12-cv-2756 DAD P, 2014 WL 2462801 at *1-2 (E.D. Cal. May 29, 2014) (dismissing
19 without prejudice petitioner's Ex Post Facto claim under Proposition 9, without prejudice to
20 obtaining relief as a member of the plaintiff class in Gilman).  Petitioner's inclusion as a member
21 of the Gilman plaintiff class is automatic; he need not independently pursue such status, and his
22 rights under the Ex Post Facto Clause will thereby be fully protected.

---

[4] Even if petitioner could pursue independent relief, and this court found that the Board's deferral of petitioner's next parole suitability hearing violated the Ex Post Facto Clause, petitioner would not be entitled to release on parole.  Because petitioner's Ex Post Facto claim concerns only the timing of his next parole suitability hearing, success on that claim would not necessarily result in a determination that petitioner is suitable for release.  Rather, petitioner's equitable relief would be limited to an order directing the Board to conduct a new parole suitability hearing and enjoining the Board from enforcing against petitioner any provisions of Proposition 9 found to be unconstitutional.  This is the same relief petitioner would be entitled to as a member of the Gilman plaintiff class.

**CONCLUSION**

In accordance with the above, IT IS HEREBY ORDERED that:

1. Petitioner's application to proceed in forma pauperis (ECF Nos. 4, 7) is granted.

Further, IT IS HEREBY RECOMMENDED that:

1.  Petitioner's first claim, that his rights under the Due Process Clause were violated by the Board's decision denying him parole, be dismissed for failure to state a cognizable claim for federal habeas corpus relief;

2. Petitioner's second and third claims, challenging the Board's application of Proposition 9 to defer for five years his next parole suitability hearing, be dismissed without prejudice to petitioner obtaining any relief that may be available to him as a member of the plaintiff class in Gilman v. Fisher, Case No. 2:05-0830 LKK GGH P (E.D. Cal.); and

3.  This action be closed.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1).  Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  In his objections, petitioner may address whether a certificate of appealability should issue in the event he files an appeal of the judgment in this case.  See 28 U.S.C. 2253(c) (absent a certificate of appealability, an appeal may not be taken from the final decision of a district judge in a habeas corpus proceeding or a proceeding under 28 U.S.C. § 2255).  Any response to the objections shall be served and filed within seven days after service of the objections.  Failure to file objections within the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir.1991).

Dated:  October 6, 2014

DAD:4
saff0833.hc.scrn.parole.amd

_____
DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE